IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JBT Properties, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-231-J |
| | ) | Removed from: |
| Lyndsey Cooper, | ) | Pottawatomie County District Court |
| | ) | Case No. CJ-2020-60 |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant presents her Answer and Counterclaim in this matter.

### Answer

1. Defendant Cooper lacks information necessary to admit or deny the allegations in numerical paragraph 1 of Plaintiff's Petition and, thus, denies same.

2. Defendant Cooper admits the allegations in numerical paragraph 2 of Plaintiff's Petition.

3. Defendant Cooper denies the allegations in numerical paragraph 3 of Plaintiff's Petition. No part of the agreement of employment occurred in Pottawatomie County. Job performance was not intended to take place in Pottawatmoie County at the time of hiring.

4. Numerical paragraph 4 of Plaintiff's Petition contains a statement of law, which Defendant need not admit nor deny. This Court has previously determined it has jurisdiction over Defendant in this matter.

5. Upon information and belief, Defendant Cooper admits the allegations in numerical paragraph 5 of Plaintiff's Petition.

6. Defendant Cooper denies the allegations in numerical paragraph 6 of Plaintiff's Petition. Defendant Cooper was an employee and not an independent contractor under Oklahoma law.

7. Defendant Cooper denies the allegations in numerical paragraph 7 of Plaintiff's Petition. Defendant Cooper was an employee and not an independent contractor under Oklahoma law. On July 31, 2018, Defendant Cooper left Oklahoma and moved to California with the intent to reside there. Defendant Cooper continued working in a remote capacity from California.

8. Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

9. Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

10. Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

11. Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

12. Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

13. Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

14. Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

15.     Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

16.     Defendant Cooper denies the allegations in numerical paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

17.     Defendant Cooper generally denies Plaintiff's allegations and further asserts the affirmative defenses of failure to state a claim and unclean hands/estoppel.

18.     Defendant Cooper respectfully reserves the right to raise other defenses as are warranted by evidence and identified through discovery.

WHEREFORE, Defendant Cooper prays the Court deny Plaintiff's claims, that Plaintiff takes nothing in this action, and for her fees and costs associated with this defense.

## Counterclaim

19.     Defendant Cooper incorporates numerical paragraphs 1-18 from her Answer for purposes of her Counterclaim.

20.     On June 22, 2016, Defendant Cooper started working as a personal assistant/chef for Theresa Nicoletto.  Defendant Cooper understood Theresa Nicoletto to be the owner of JBT Properties, LLC.

21.     In September 2016, Defendant Cooper started working with the real estate business of JBT Properties, LLC, while also still working as a personal assistant for Theresa Nicoletto.  The additional job duties included, but were not limited to, meeting with contractors, ordering building materials, light bookkeeping for property renovation costs, etc.  All of this work was performed in Oklahoma County.

22. On February 3, 2017, Theresa Nicoletto offered Defendant Cooper the position of Operations Manager with a pay increase to $15 per hour. Defendant Cooper made a full transition to this role in the Defendant LLC at this time, although Defendant Cooper continued to assist with household duties for Theresa Nicoletto.

23. As Operations Manager, Defendant Cooper oversaw daily operations for several business entities, filling many roles including the point of contact for business needs.

24. Defendant Cooper only visited Pottawatomie County a total of around ten times in nearly eighteen months during her employment as Operations Manager.

25. Theresa Nicoletto communicated to Defendant Cooper Plaintiff's intent to move to California and start a similar business in California, at which time Defendant Cooper would play a role in management of that business. On July 31, 2018, Defendant Cooper left Oklahoma and moved to California, but continued working in a remote capacity from California.

26. While Defendant was working from California, Plaintiff would communicate during non-business hours, even in the middle of the night, to assign work to Defendant. Defendant was not paid for her work outside business hours.

27. While Defendant was working from California, Plaintiff required Defendant to spend her own money on items required for her employment, including internet and telephone, without compensation for such items.

28. In September 2019, Theresa Nicoletto indicated to Defendant Cooper that Nicoletto was overwhelmed and wanted Cooper to train someone in Oklahoma, and the

Parties would likely part ways thereafter. The Parties agreed on a transition schedule which would begin at the end of September and last for several weeks after.

29. Plaintiff did not pay Defendant Cooper for her work the week prior to the start of the transition period (approximately the week of September 16). Knowing that Defendant Cooper was owed wages, Plaintiff terminated Defendant Cooper's employment prior to the agreed end of the termination period.

30. Plaintiff did not return Defendant Cooper's communications in attempts to collect Cooper's final wages.

31. Defendant Cooper filed a wage claim with the State of California in November 2019. Hearing in that matter was set for February 12, 2020. Notice was provided to the Parties in January 2020.

32. On February 11, 2020, Plaintiff filed a malicious lawsuit in the District Court of Pottawatomie County, Oklahoma, for the purpose of forcing Defendant Cooper to travel back to Oklahoma and defend against Plaintiff's false claims to gain further economic advantage over Defendant.

33. Defendant Cooper was induced by representations of payment by Plaintiff to remain an employee of Plaintiff and to continue to provide labor and services to Plaintiff.

34. Nonetheless, Plaintiff did not pay and has not paid Defendant Cooper the wages and compensation that had been promised to Defendant Cooper. Plaintiff had assured Defendant Cooper that she would be paid the wages and compensation. Defendant Cooper relied on these representations to remain as an employee of Plaintiff and perform labor and services as a result of Plaintiff's continuing representations.

35. Defendant Cooper is entitled to unpaid wages, unreimbursed expenses, and liquidated damages from Plaintiff.

36. Pursuant to 40 O.S. § 165.9, Defendant Cooper is entitled to recover attorney's fees in an amount to be set by the Court.

37. The representations of Plaintiff were false and made by Plaintiff with the intention that Defendant Cooper rely on the representations in order for Defendant Cooper to continue to remain as an employee of Plaintiff during the transition period and perform labor and services as an employee of Plaintiff.

38. Defendant Cooper reasonably relied on the representations of Plaintiff to the detriment of Defendant Cooper.

39. Defendant Cooper would not have remained as an employee of Plaintiff and performed labor and services as an employee of Plaintiff, but for the false, material and fraudulent representations of Plaintiff described herein.

40. All representations made to Defendant Cooper by Plaintiff described herein were false, misleading, and material, and made with the knowledge that they were false and misleading and with the intent that Defendant Cooper rely on them, and Defendant Cooper did reasonably rely on them to her detriment.

41. All acts and omissions of Plaintiff described herein were material and the result of Plaintiff's intentional conduct.

42. Defendant Cooper was fraudulently induced to remain an employee of Plaintiff and provide labor and services to Plaintiff for which Defendant Cooper has not been paid.

Defendant Cooper also incurred work expenses as a result of Plaintiff's representations and for which Defendant Cooper has not been reimbursed.

43. As a result of Plaintiff's acts and omissions described herein, Defendant Cooper has suffered actual damages under the alternative legal theory of common law fraud. Defendant Cooper pleads common law fraud as an alternative legal theory of recovery.

44. Plaintiff owed to Defendant Cooper a legal duty not to injure Defendant Cooper.

45. Plaintiff breached the legal duty it owed to Defendant Cooper.

46. The fraudulent conduct of Plaintiff also constitutes negligence.

47. As a direct and proximate cause and result of Plaintiff's acts, omissions, and conduct, Defendant Cooper has suffered damages under the alternative legal theory of negligence. Defendant Cooper pleads common law negligence as an alternative legal theory of recovery.

48. Alternatively, the conduct of Plaintiff herein also gives rise to a cause of action for breach of an employment contract.

49. As a direct and proximate cause and result of Plaintiff's breach of contract, Defendant Cooper has suffered damages under the alternative legal theory of breach of contract. Defendant Cooper pleads breach of contract as an alternative legal theory of recovery.

50. Plaintiff's deceptive conduct and fraudulent representations have unjustly enriched Plaintiff and at the expense of Defendant Cooper. It would be inequitable for Plaintiff to retain its ill-gotten gain and profits from the fruits of Defendant Cooper's labor and inequitable not to compensate Defendant Cooper. Plaintiff has enriched itself at the

expense of Defendant Cooper, thereby causing an injustice, detriment and harm to Defendant Cooper.

51.  As a direct and proximate cause and result of Plaintiff's unjust enrichment, Defendant Cooper has suffered damages in the amount of $13,427.28 under the alternative legal theory of unjust enrichment.  Defendant Cooper pleads unjust enrichment as an alternative legal theory of recovery.

52.  Plaintiff terminated Defendant Cooper's employment in retaliation for Defendant Cooper's request for payment of wages.  Plaintiff further retaliated by filing the instant litigation in response to Defendant's wage claim with the State of California.

53.  Plaintiff's termination of Defendant Cooper's employment under such circumstances is contrary to the compelling Oklahoma public policy that is clearly articulated in the Oklahoma Protection of Labor Act, 40 O.S. 2011, §§ 165.1 *et seq*., as well as California law.  There is no adequate remedy to protect the public policy articulated in the Oklahoma Protection of Labor Act and to redress the harm resulting from Plaintiff Cooper's termination except for the recovery of tort damages under *Burk v. K-Mart Corp.*, 1989 OK 22.

54.  As a direct and proximate cause and result of Plaintiff's commission of a *Burk* tort, Defendant Cooper has suffered damages, including physical and mental distress and anguish, in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.  Defendant Cooper pleads Plaintiff's commission of a *Burk* tort as an alternative legal theory of recovery.

55.     Plaintiff has brought sham legal action against Defendant with knowledge that her claims are false and without probable cause to present such claims.  Plaintiff has done so with malice in attempt to strong-arm Defendant Cooper and retaliate for Cooper seeking rightful redress in her wage claim, causing injury to Defendant Cooper, including unnecessary attorney fees and legal costs, as well as mental anguish and emotional distress.

56.     The intentional and fraudulent conduct of Plaintiff alleged herein constitutes intentional or reckless conduct that justifies the imposition of punitive damages against Plaintiff under 23 O.S. § 9.1. Due to the intentional and reckless conduct of Plaintiff alleged herein, Defendant Cooper should be granted an award of punitive damages against Plaintiff in an amount consistent with such guidelines.

WHEREFORE, Defendant Cooper demands judgment against Plaintiff for unpaid wages and unreimbursed expenses, plus liquidated damages pursuant to 40 O.S. § 165.3, and for all costs and a reasonable attorney's fees.  Alternatively, Defendant Cooper demands judgment against Plaintiff for actual damages under the legal theories of the breach of contract, common law fraud, negligence, and/or unjust enrichment, plus all costs and a reasonable attorney's fees, as well as punitive damages.  Further, Defendant Cooper demands judgment against Plaintiff for actual damages and punitive damages for Plaintiff's commission of a *Burk* tort, in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

Respectfully submitted,

/s/ S. Corey Stone
S. Corey Stone, OBA No. 22729
318 N. Broadway
Shawnee, OK  74801
(405) 585-8686
(405) 395-9520: facsimile
coreystone.law@gmail.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF DELIVERY

I certify that, on April 29, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  I further certify that the same shall be delivered to the following ECF registrants:

Joe Vorndran, OBA #21391
Breanna Gordon, OBA #32508
STUART & CLOVER, PLLC
128 North Broadway
Shawnee, OK 74802-1925
405-275-0700
405-275-6805 (fax)
joe@stuartclover.com
breanne@stuartclover.com
Attorneys for Plaintiff

s/ S. Corey Stone
**S. COREY STONE**